UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court pursuant to Plaintiff's Motion to Compel Depositions [DE 92], in which Plaintiff asks the Court to enter an order compelling Defendants Ratna Sudha Madempudi, Unique Bio Ingredients, LLC and Unique Biotech Limited to appear for deposition on a date and time agreed to by the parties. The parties have been unable to reach an agreement on a date for the depositions to take place. Plaintiff also asks the Court to allow the depositions to take place after the close of discovery (if necessary) and to preemptively deny a yet-unmade request by Defendants to extend the discovery deadline.

The Federal Rules of Civil Procedure and the Local Rules govern the scheduling of depositions, as well as the imposition of sanctions for failure to attend depositions. The Local Rules proclaim "the Court's expectation that counsel will seek to accommodate their

fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice." Local Rules for the Southern District of Florida, Introductory Statement.  The Local Rules also prescribe the method and timing of noticing depositions:

> **(h) Reasonable Notice of Taking Depositions.** Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a), a party desiring to take the deposition within the State of Florida of any person upon oral examination shall give at least seven (7) days' notice in writing to every other party to the action and to the deponent (if the deposition is not of a party), and a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party).
>
> Failure to comply with this rule obviates the need for protective order.
>
> Notwithstanding the foregoing, in accordance with Federal Rule of Civil Procedure 32(a)(5)(A), no deposition shall be used against a party who, having received less than eleven (11) calendar days' notice of a deposition as computed under Federal Rule of Civil Procedure 6(a), has promptly upon receiving such notice filed a motion for protective order under Federal Rule of Civil Procedure 26(c)(1)(B) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.

Local Rule 26.1(h), Local Rules for the Southern District of Florida. Finally, the Federal Rules of Civil Procedure allow for the imposition of sanctions, on motion, if "a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A).

Although the Court expects that the parties will cooperate in scheduling one another's depositions, it cannot compel such cooperation or impose sanctions for any party's failure to do so. When such cooperation proves impossible, a party seeking to depose an opposing party may properly notice the deposition and then, if necessary, move to compel and/or to impose sanctions in the event that the opposing party or its representative fails to appear or obtain a protective order. In addition, inasmuch as the depositions have not yet been scheduled, the Court cannot determine whether additional time (beyond the discovery cut-off) is warranted to complete the depositions. Finally, the Court cannot decide any request to enlarge discovery that has not yet been made. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Depositions [DE 92] is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of February 2017

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel
via CM/ECF