UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court pursuant to Plaintiff's Motion to Overrule Objections Based On Rule 33(a), Alternatively, Motion for Leave to Serve Minimal Excess Interrogatories on Defendants [DE 159]. Plaintiff has served 25 numbered interrogatories on each of the 5 Defendants.[1] Defendants have objected on the ground that the interrogatories contain subparts and, therefore, exceed the limitation of 25 written interrogatories contained in Fed. R. Civ. P. 33(a). Plaintiff asks that the Court overrule this objection, or in the alternative, grant leave nunc pro tunc, to serve excess interrogatories.

---

[1] Counsel for Defendants argues that Plaintiff served "more than 125 interrogatories" and "a total of 624 discovery requests" [DE 171]. The Court notes that there are 5 separate Defendants in this case, and discovery has been served on each of them, as permitted under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(a) and 34(a).

Rule 33(a)(1), Federal Rules of Civil Procedure, limits the number of interrogatories that may be served on a party to 25, "including all discrete subparts," unless a greater number has been stipulated or ordered by the court. Fed. R. Civ. P. 33(a)(1). The rule does not define what is meant by "discrete subparts." Perez v. Aircom Management Corp., Inc., 2012 WL 6811079, at *1. (S.D. Fla. Sept. 24, 2012).

This Court has adopted the "related questions test" to determine whether a subpart in an interrogatory should be considered "discrete." Id. "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." Id. (quoting Oliver v. City of Orlando, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007)). And, if "the subparts are logically related to the information sought in the primary question," they should be counted as a single interrogatory. Perez, 2012 WL 6811079, at *2.[2] This is the test the Court has applied to the interrogatories that

---

[2]
>"By way of example, the following types of interrogatories have been deemed to be not discrete and, hence, constitute one interrogatory: (1) questions about persons with knowledge and the subject area of their knowledge; (2) questions about prior lawsuits, the nature of the cause of action, the parties, the court in which the lawsuit was filed, and the dates filed; (3) questions about witness statements, by and to whom made, when made, and the substance and context of the statements; (4) questions about persons with documentary evidence in their possession, custody, and control, what documents they have, the location of the documents, and when the documents were prepared; (5) questions about expert witnesses, their addresses, qualifications, subject matter of their testimony, and grounds for their opinions; (6) questions about damages, when the damages occurred, to whom expenses were paid; and (6) questions about lost income, benefits, or earning capacity, the nature of each loss, and how the loss was computed."

Perez v. Aircom Mgmt. Corp., 2012 WL 6811079, at *1 (S.D. Fla. Sept. 24, 2012).

are the subject of this Motion.

As required by Local Rule 26.1(g)(2), Plaintiff has set forth verbatim each of the interrogatories and objections at issue. The objections are directed to the following interrogatories:

    A.      Defendant UNIQUE BIO INGREDIENTS: Numbers 21, 22, 23, 24, and 25.

    B.      Defendant JAIRO ESOCBAR: Numbers 21, 22, 23, 24, and 25.

    C.      Defendant LUIS ECHEVRARRIA: Numbers 21, 22, 23, 24, and 25.

The Court has reviewed each of those interrogatories and finds that the subject matter(s) of these interrogatories are logically related to the primary question(s) and, therefore, the interrogatories do not contain discrete subparts.

However, Defendants argue that certain of the prior interrogatories served upon Defendant ESCOBAR (specifically, interrogatory number 2) contains discrete subparts and that the prior interrogatory is what put Plaintiff beyond the 25-interrogatory limit [DE 171, p. 6]. Interrogatory number 2 states "Please describe with specificity what, if any, ownership interest your son has in Unique Bio Ingredients, LLC ("UNIQUE USA" or "UBI"), and what, if any, position he holds with UBI, and his responsibilities thereto." The Court finds that the questions in this interrogatory are logically related to the primary question and, therefore, are not discrete subparts.

Although Defendants do not specifically reference any other interrogatories that contain subparts, the Court has reviewed each of the interrogatories attached to Plaintiff's motion and does not identify any that cause Plaintiff to exceed the 25-interrogatory limit contained in Rule 33(a). Accordingly, it is hereby

3

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Overrule Objections Based On Rule 33(a), Alternatively, Motion for Leave to Serve Minimal Excess Interrogatories on Defendants [DE 159] is **GRANTED**. Defendants ESCOBAR's, ECHEVERRIA's, and UNIQUE USA's Rule 33(a) objections[3] to interrogatory numbers 21, 22, 23, 24, and 25 are **OVERRULED**. Defendants shall provide responses to interrogatory numbers 21, 22, 23, 24, and 25 no later than May 26, 2017.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of May 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished to counsel via CM/ECF

---

[3] The Court notes that additional objections raised by Defendants to these interrogatories were not the subject of Plaintiff's motion.