UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court pursuant to Plaintiff's Motion to Overrule Objections to Interrogatories [DE 174] filed on May 15, 2017. The interrogatories in question were served on Defendants on January 31, 2017 [DE 159]. Defendants requested [DE 123] [DE 135] and received [DE 124] [DE 125] several extensions of time to respond to the interrogatories, and served their answers on April 6, 2017 [DE 159-1] [DE 159-2] [DE 159-3]. In this motion, Plaintiff asks the Court to overrule objections to several of the interrogatory answers.

Plaintiff previously filed a motion directed to the same interrogatories that are the subject of the present motion. The first motion was limited to Defendants' objections to the number of interrogatories served and was made within 30 days of receiving the objections, as required by Local Rule 26.1(g)(1). [DE 159]. The present motion, however, is outside

the 30-day time period provided in the Local Rules for filing discovery motions. Local Rule 26.1(g)(1) provides:

> (1) Time for Filing. All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that time frame, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion. The thirty (30) day period set forth in this rule may be extended once for up to seven (7) additional days by an unfiled, written stipulation between the parties, provided that the stipulation does not conflict with a Court order.

The rule "sets forth a specific period within which discovery motions must be filed. Defining that period as 'thirty days' rather than...the less precise 'a reasonable time' reflects the judgment of the District that the filing period should not extend beyond thirty days. Thus, the Rule has the benefit of making clear precisely when discovery motions must be filed." Manno v. Healthcare Revenue Recovery Group, LLC, 2012 WL 1409532, at *3 (S.D. Fla. Apr. 23, 2012) (Rosenbaum, M.J.). "Regardless of the specific triggering event, the key point is that once a party seeking discovery learns that the opposing party objects to providing the requested discovery the first party must seek relief from the court within thirty days or else be deemed to have waived such relief." Id. at *2.

Despite filing its motion beyond the 30-day period from the date it received Defendants' objections, Plaintiff offers no explanation or reasonable cause for its tardiness. Plaintiff has not referenced a written stipulation by the parties extending the 30-day time

limit and, in any event, the motion was filed more than 37 days beyond the date the answers to interrogatories were served. Plaintiff has already filed a (timely) motion [DE 159] – and obtained relief [DE 172] – from other objections made to the same interrogatories. Under these circumstances – the tardy filing of the instant motion following the timely filing of a separate motion directed to the same interrogatories – the Court concludes that Plaintiff has waived the relief sought in the present motion. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Overrule Objections to Interrogatories [DE 174] is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of May 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF