UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon [DE 178] Plaintiff's Motion for Reconsideration of Its Motion to Overrule Objections to Interrogatories [DE 174]. On May 16, 2017, the Court entered an Order [DE 175] denying Plaintiff's Motion to Overrule Objections to Interrogatories [DE 174]. Plaintiff's motion was overruled because it was filed outside the 30-day time period of Local Rule 26.1(g) for filing discovery motions <u>and</u> because it was the second motion directed to the same interrogatories.

In its current motion, Plaintiff advises the Court that counsel had stipulated to a 7-day extension for filing the motion as allowed by the Local Rules, and it requests that the Court consider its (second) Motion to Overrule Objections to Interrogatories [DE 174]. Plaintiff has also attached a series of e-mail correspondence between counsel, wherein counsel address (but do not resolve) the issue of whether Plaintiff should file one discovery

motion to address all outstanding issues or submit multiple motions [DE 178-1]. Counsel note that there are 624 discovery requests on which they need to confer and wonder whether the Magistrate Judge "has the time to address all 624 discovery requests at one time" [DE 178-1].

The Court's primary concern is that the parties complete discovery within the period set by the District Court. The discovery deadline is August 14, 2017. Plaintiff's discovery requests were served upon Defendants on January 31, 2017, and most of the objections have not yet been presented to the Court. Indeed, in a motion filed on May 17, 2017, Plaintiff notes that "to date, Defendants have failed to produce a single document in response to B&D's Request for Production." [DE 176, p. 4]. And it appears from the e-mails between counsel that they have not conferred on all of the outstanding discovery objections [DE 178-1]. Almost 90 days have now elapsed since Plaintiff's discovery requests were served, and the issues are still not resolved.

To assist the parties in conducting their discovery in a timely manner, the Court will impose a schedule for considering any of Defendants' unresolved objections to Plaintiff's discovery requests. The Court hastens to note its concern about the litigiousness of the parties in setting, serving, and responding to discovery requests. The Court strongly encourages counsel to meet and engage in good faith discussions to substantially narrow the issues for the Court. The Court reminds counsel that it has issued a Confidentiality Order [DE 170]; all objections to the discovery requests must be evaluated in light of that Confidentiality Order.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration of Denial of Its Motion to Overrule Objections to Interrogatories [DE 174] Because the Filing Was Timely Pursuant to a Stipulated Extension [DE 178] is **GRANTED**. The objections at issue will be presented and resolved as set forth below.

2. Counsel shall meet and confer on all of Defendants' objections to the discovery requests served by Plaintiff on January 31, 2017 no later than June 5, 2017. Counsel shall work together in good faith to significantly narrow the issues and substantially reduce the number of objections to be presented to the Court.

3. The parties shall file a <u>Joint</u> Status Report by June 15, 2017 identifying those issues/discovery requests, if any, that remain unresolved after the meet and confer. The Joint Status Report must set forth the following information for each unresolved discovery request: (1) the verbatim request; (2) the verbatim response; (3) a brief summary of each party's position; and (4) the result of the parties' meet and confer. The parties may group the discovery issues by issue, as appropriate. Any arguments pertaining to Defendants' discovery responses not raised in the Joint Status Report will be deemed waived.

4. Defendants shall produce to Plaintiff all responsive documents to which there are no pending objections no later than May 26, 2017. If the parties have already agreed to an earlier date for production of documents, that earlier date will govern this time for production.

5. The Court again expresses its concern about the length of time that the Plaintiff's discovery requests have been pending and the parties' apparent inability to

resolve discovery issues without Court intervention. The parties are reminded that the Court is bound by Rule 37(a)(5), Fed. R. Civ. P., to impose sanctions on any party whose position regarding discovery is found to have not been substantially justified.

6. This Order does not pertain to Defendants' Motion to Compel Production of B&D's Rule 26(a) Disclosures [DE 166], which is substantially briefed and which will be ruled upon separately. Defendants shall file a reply memorandum in support of that motion no later than May 24, 2017.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of May 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF