UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court pursuant to [DE 166] Defendants' Expedited Motion to Compel the Production of B & D Rule 26 Disclosures. Defendants move for an order compelling Plaintiff, B & D Nutritional Ingredients, Inc. ("B & D"), to produce the customer lists referenced in B & D's Rule 26 disclosures. B & D asserts that its customer list is a confidential trade secret that must be protected.

B & D acknowledges that its customer list is relevant to the issues in this litigation over alleged trade secrets and tortious interference with a business relationship, but asks the Court to conduct an <u>in camera</u> inspection of both parties' customer lists in order to identify those customers that Plaintiff and Defendants hold in common and to redact the information pertaining to all other customers. Plaintiff also objects to producing the customer list when Defendants have not yet produced a "single document" in discovery.

Plaintiff is correct that "under Florida law, customer lists and related information may constitute protectable trade secrets." Echostar Satellite, LLC v. Viewtech, Inc., 2010 WL 2822109, at * 6 (S.D. Fla. Jul. 16, 2010) (Simonton, M.J.) (emphasis in original). A customer list may be a trade secret where the evidence shows that it was the product of great expense and effort, that the information contained is private and not available from public sources, and that the owner of the list has taken reasonable efforts to maintain its secrecy. See East v. Aqua Gaming, Inc., 805 So.2d 932, 934 (Fla. Dist. Ct. App. 2001); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Silcox, 2001 WL 1200656, at *4 (S.D. Fla. Oct. 4, 2001). Although Plaintiff has not presented evidence that its customer list is a trade secret, the Court will adopt that conclusion for purposes of this motion.

Trade secrets such as customer lists may subject to production where they are relevant, but the court must take measures to protect the interests of the owner. Echostar, 2010 WL 2822109, at * 7. In this case, after Defendants filed their motion to compel production of Plaintiff's customer list, the Court ordered the parties to submit a proposed joint confidentiality order [DE 167]. A Confidentiality Order [DE 170] was entered and governs all parties in this case. The Confidentiality Order contains an "attorney's eyes only" provision that restricts disclosure to the attorneys in the case and prevents disclosure to the parties and their princpals and employees.

The Court finds that the Confidentiality Order provides the necessary amount of protection to Plaintiff's customer list, while allowing for the necessary disclosure of information relevant to the issues in this litigation. See, e.g., CruiseCompete, LLC v. Smolinski & Assocs., Inc., 2012 WL 12888578, at *2 (S.D. Fla. Oct. 1, 2012) (Hopkins, M.J.) (customer list produced by party would be adequately protected by a protective order

limiting access to those attorneys who have appeared in the Iowa action and expert witnesses who agree to be bound by the protective order). Having designated its customer list as confidential and a trade secret, Plaintiff has the option under the Confidentiality Order to limit viewing of the customer list to "attorney's eyes only." Assuming Plaintiff claims the protections of the Confidentiality Order, counsel for the parties can endeavor to jointly narrow the list to those customers that are relevant to the issues in this case, and redact from the list those customers that are not relevant.

Plaintiff argues that it should not be required to produce its customer list when Defendants have to date not produced a "single document" in response to Plaintiff's discovery requests. The Court notes that Defendants have been ordered to produce all unobjected-to documents no later than May 26, 2017 [DE 179]. The same deadline shall apply to Plaintiff. Both parties shall file with the Court a Notice of Compliance with this Order and with the Court's May 19, 2017 Order [DE 179].

Defendant requests an award of attorney's fees incurred in the making of its motion and notes the Court's cautionary language regarding its duty to impose sanctions under Fed. R. Civ. P. 37. However, the Court finds that sanctions are not appropriate in this case as Plaintiff's trade secret assertion was substantially justified, making an award of sanctions in this instance unjust. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Expedited Motion to Compel the Production of B & D Rule 26 Disclosures [DE 166] is **GRANTED** in part. Plaintiff shall produce the customer list referenced in its Rule 26 disclosure by May 26, 2017, subject to the Confidentiality Order [DE 170]. Upon production of documents both parties shall file

with the Court a Notice of Compliance certifying their respective productions. Defendants' request for sanctions is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of May 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF