UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

UNIQUE BIO INGREDIENTS, LLC and
JAIRO ESCOBAR,

    Counter-Plaintiffs,

vs.

B&D NUTRITIONAL INGREDIENTS, INC.,

    Counter-Defendant.
_____/

## ORDER ON DEFENDANTS' MOTION
## TO RECLASSIFY B&D CUSTOMERS LIST

**THIS CAUSE** has come before the Court pursuant to [DE 191] Defendants' Motion to Reclassify B&D Customers List Produced by B&D in Response to the Court's Order [DE 181]. The Court previously ordered Plaintiff, B&D Nutritional Ingredients, Inc. to produce the customer list referenced in Plaintiff's Rule 26 disclosures subject to the Court's

Confidentiality Order [DE 181]. Plaintiff did, in fact, produce the customer list and designated it as "Confidential – Outside Counsel's Eyes Only." In their present motion, Defendants ask the Court to reclassify Plaintiff's customer list from "Confidential – Outside Counsel's Eyes Only" to "Confidential – Subject to Protective Order" and to provide all other relief that the Court considers just and fair under the circumstances [DE 191]. Defendants argue that it is impossible to defend the case without providing the parties themselves (as opposed to their counsel) access to Plaintiff's customer list. Defendants also ask for an expedited resolution of the motion in light of the impending fact discovery deadline (which is July 26, 2017).

Plaintiff objects to the request to reclassify its customer list [DE 203] and expresses genuine concern over granting Defendants access to the customer list. Indeed, the central issues in this litigation are whether Plaintiff's customer list was a trade secret and whether Defendants misappropriated that very customer list. Plaintiff also notes that Defendants have not yet produced "a single customer list" in response to Plaintiff's January 31, 2017 discovery requests. Plaintiff asks the Court to deny the reclassification of its customer list and instead order "Defendants to produce their customer lists so counsel for all parties may view the complete customer lists, and jointly narrow them to those customers that are relevant to the issues in this case, and redact those customers that are not relevant."

At this stage in the litigation, the Court will not determine whether Plaintiff's customer list is, in fact, a trade secret. It is enough at this stage to assume trade secret status for the customer list. "Customer lists can constitute trade secrets where the lists are acquired or compiled through the industry of the owner of the lists and are not just a compilation of information commonly available to the public." Kavanaugh v. Stump, 592

So.2d 1231, 1232 (Fla. 5th DCA 1992). The Court believes that Plaintiff's suggestion to limit disclosure of customers to those that are relevant to the case to be a reasonable one. That said, it is necessary for both parties to precisely understand which customers are at issue. The Court, therefore, finds that the customers that Plaintiff and Defendants hold in common, regardless of product sold, are relevant for purposes of discovery. It makes no difference if Defendants sold a customer a different product from the product sold by Plaintiff; any customer that exists on both Plaintiff's and Defendants' customer lists is relevant. By contrast, any customer that either party holds by itself is not relevant for purposes of discovery and therefore remain confidential. Id. (confidentiality of customers listed in trade secret counterclaim is waived, but confidentiality of other customers is not waived).

To protect both parties' (assumed) confidential information, the Court declines to reclassify Plaintiff's entire customer list to "Confidential – Subject to Protective Order." Both parties' complete customer lists will be classified as "Confidential – Outside Counsel's Eyes Only." However, the identities of those customers held in common by Plaintiff and by Defendant (regardless of product) will be reclassified as "Confidential – Subject to Protective Order." To accomplish this, counsel will meet and compare their clients' respective lists and identify common customers. The remaining customers will be redacted from each party's list. If counsel believe that they are unable to complete this task within the required time period, the Court will appoint a special master to do so at the parties' expense. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that [DE 191] Defendants' Motion to Reclassify B&D Customers List Produced by B&D in Response to the Court's Order is **DENIED**. It is **FURTHER ORDERED** as follows:

1. Defendants shall produce all previously requested customer lists (regardless of product)[1] to Plaintiff's counsel by 2 p.m., Friday, June 23, 2017. The customer lists will be classified "Confidential–Outside Counsel's Eyes Only."

2. Counsel will meet in person at a mutually convenient time during the week of June 26 - June 30, 2017, for the sole purpose of jointly narrowing the parties' customer lists to those customers that Plaintiff and Defendants hold in common, regardless of product. All customers that the parties do not hold in common will be redacted from each party's respective list. The redacted lists will be classified as "Confidential–Subject to Protective Order." The parties will submit to the Court no later than 5 p.m., June 30, 2017, a Joint Statement of Compliance certifying that the requirements of this Order have been fulfilled.

3. The parties may jointly request that the Court issue an order appointing a special master to review the parties' customer lists, identify those customers held in common, and redact the names of those customers that the parties do not hold in common in accordance with paragraph 2, above. If a special

---

[1] The Court notes that Defendants have repeatedly objected to disclosure of customers that did not purchase the Unique IS2 product from Defendants [See DE 202]. The Court disagrees and finds that, at least for discovery purposes, the identities of all customer held in common by Plaintiff and Defendants, regardless of product, is relevant to the case.

master is appointed, the parties will share the cost equally and payment of a minimum of two hours' time will be required upon appointment of the special master. The parties may agree to a special master and the special master's rate, or the parties may request the Court to appoint a special master at a rate to be determined by the Court. Fed. R. Civ. P. 53 (b). Any request for appointment of a special master shall be made <u>jointly</u> no later than 3 p.m., Friday, June 23, 2017. The special master will be instructed to complete the work assigned by Friday, June 30, 2017, and to submit to the Court a Notice of Completion.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of June 2017.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF