UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Joint Status Report [DE 202] submitted by the parties. In light of the numerous discovery disputes arising from Plaintiff's discovery requests to the various Defendants, the Court had ordered [DE 179] the parties to meet, confer, and prepare a Joint Status Report identifying the issues and discovery requests that remained unresolved after good faith negotiations. The parties complied and have filed a 219-page document detailing the disputed discovery issues as well as the matters that have been resolved. The Court appreciates counsel's efforts in moving discovery to completion within the time frame allowed by the District Court.

For purposes of this Order, the Court will construe the Joint Status Report as a motion to compel brought by Plaintiff. Each discovery request will be set forth by number and will be GRANTED or DENIED. Thus, if a request is GRANTED, the Defendant(s) shall

respond to that request. To the contrary, if a request is DENIED, the Defendant(s) shall not respond to that request. In several instances, the Court will GRANT a request with limitations. In those instances, the receiving Defendant(s) shall respond as limited.

**Preliminary Rulings**

Several issues appear repeatedly throughout the Joint Status Report. These include the scope of discovery as to customers and products, as well as the type of documents requested. The Court will address those issues here; counsel shall be guided by these findings throughout the discovery process. To the extent any portion of this Order conflicts with these Preliminary Rulings, these Preliminary Rulings shall govern.

The Court finds that discovery is properly limited to those customers contained on the Customer List produced by B&D on May 26, 2017. Furthermore, the Court concludes that discovery properly includes <u>all</u> products sold by Defendants to any of the customers contained on B&D's Customer List. Therefore, discovery will include products sold to B&D's customers by Defendants, even if B&D did not sell that particular product. Additionally, the Court finds that production properly includes text messages, to the extent such messages have been preserved.

**Caveat**

The Court notes that as there are five different Defendants, many of Plaintiff's discovery requests overlap. The Court has endeavored to be consistent in its rulings; however, it is possible that the parties may consider some rulings to be contradictory. To the extent the parties believe a ruling on one discovery request contradicts a ruling on the identical request directed to another party, counsel are instructed to submit a Joint Motion

for Clarification listing (1) the discovery requests at issue and (2) the Court's rulings on the discovery requests. No argument need be set forth. Such a Joint Motion for Clarification must be filed by July 12, 2017.

The Court will now address the discovery issues as presented by the parties.

**[1-A]  Escobar's Response to Request for Admissions**

7. Denied.

12. Granted.

13. Granted.

14. Granted.

18. Denied.

19. Granted, but limited to information concerning customers contained on B&D's Customer List.

21. Granted.

**[1-B]  Unique USA's Objections to B&D's Request for Admissions**

2. Granted. Objection withdrawn.

3. Granted. Objection withdrawn.

5. Granted. Objection withdrawn.

6. Granted.

7. Granted.

10. Granted.

14. Granted.

19. Granted.

20. Granted.

21. Granted.

**[1-C] Unique India's Objections to B&D's Request for Admissions**

1. Granted. If admitted, Defendant will state the applicable time period.

2. Granted. Objection withdrawn.

3. Granted. Objection withdrawn.

4. Granted. Objection withdrawn.

5. Granted. Objection withdrawn.

6. Granted. Objection withdrawn.

8. Denied to the extent that CVS is not listed on B&D's Customer List.

9. Denied to the extent that Deer Land is not listed on B&D's Customer List.

10. Denied to the extent that Santa Cruz International is not listed on B&D's Customer List.

12. Granted.

14. Granted.

25. Granted.

**[1-D] Echeverria's Objections to B&D's Request for Admissions**

3. Granted.

10. Granted.

11. Granted.

12. Granted.

14. Granted.

17. Granted, but limited to information concerning customers on B&D's Customer List.

19. Granted.

20. Granted.

22. Granted. See Fed. R. Civ. P. 36(a)(4).

**[1-E]  Dr. Sudha's Objections to B&D's Request for Admissions**

6. Granted.

7. Granted.

9. Granted.

12. Granted.

13. Granted.

15. Granted.

16. Granted.

20. Granted.

22. Granted.

23. Granted.

24. Granted.

25. Granted as limited to customers contained on B&D's Customer List.

**[2-A]  Escobar's Objections to B&D Interrogatories**

2. Denied.

3. Granted in part. Limited to products sold to customers on B&D's Customer List.

4. Granted in part. Limited to products shipped or sold to customers on B&D's Customer List.

5. Granted.

8. Granted.

12. Granted.

14. Granted.

18. Granted in part. Limited to customers on B&D's Customer List.

19. Denied.

**[2-B] Echeverria's Objections to B&D's Interrogatories**

3. Granted in part. Limited to customers contained on B&D's Customer List.

4. Granted.

5. Granted. Limited to products sold to customers on B&D's Customer List.

6. Granted.

12. Granted.

15. Granted.

16. Denied.

20. Granted in part. Limited to employees or agents of customers on B&D's Customer List.

21. Denied.

**[2-C] Dr. Sudha's Objections to B&D's Interrogatories**

5. Granted.

17. Denied.

18. Denied.

23. Denied.

**[2-D]  Unique India's Objections to B&D's Interrogatories**

2. Granted in part.  Limited to customers on B&D's Customer List.

4. Granted.

5. Denied.

6. Granted in part, as to the identity of the custodian of documents.

8. Granted.

9. Granted.

16. Granted in part.  Limited to gross sales to customers contained on B&D's Customer List.

17. Granted in part.  Limited to products sold to customers contained on B&D's Customer List.

18. Granted.

23. Granted in part.  Limited to products sold to customers contained on B&D's Customer List.

25. Granted in part.  Limited to commissions for distributing products sold to customers contained on B&D's Customer List.

**[2-E]  Unique Bio Ingredients Objections to B&D's Interrogatories**

5. Granted in part.  Limited to products shipped or sold to customers contained on B&D's Customer List.

6. Granted.

7. Denied.

8. Granted.

11. Granted in part. Limited to Distributorship Agreements for products sold to customers on B&D's Customer List.

15. Granted.

18. Denied.

19. Granted in part. Limited to sales made to customers on B&D's Customer List.

21. Denied.

22. Denied.

23. Granted in part. Limited to products distributed to customers on B&D's Customer List.

**[3-A] Echeverria's Objections to B&D's Request for Production**

3. Denied.

20. Denied.

21. Denied.

26. Granted.

37. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

38. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

56. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Granted in part. Limited to any agreements previously produced without objection or ordered to be produced elsewhere in this Order.

66. Denied.

**[3-B]  Escobar's Objections to B&D's Request for Production**

2. Denied.

3. Denied.

9. Denied.

18. Denied.

19. Denied.

24. Denied.

25. Granted in part. Limited to communications about products purchased by or sold to Pharmavite.

37. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

38. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

40. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

70. Denied.

71. Denied.

73. Denied.

75. Granted in part. Limited to any agreements previously produced without objection or ordered to be produced elsewhere in this Order.

**[3-C]  Dr. Sudha's Objections to B&D's Request for Production**

18. Denied.

41. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

43. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

64. Granted in part. Limited to communications regarding any customers on B&D's Customer List.

67. Granted in part. Limited to documents, communications, or memoranda regarding products sold to any customers on B&D's Customer List.

71. Denied.

78. Denied.

79. Denied.

81. Denied.

82. Granted in part. Defendant will include responsive documents for which privilege is claimed on her privilege log.

83. Granted in part. Limited to any agreements previously produced without objection or ordered to be produced elsewhere in this Order.

84. Denied.

85. Granted in part. Limited to meetings with any customers on B&D's Customer List.

**[3-D] Unique USA's Objections to B&D's Request for Production**

3. Denied.

4. Denied.

5. Granted in part. Limited to communications regarding customers on B&D's customer list from April 21, 2015 to May 6, 2017.

7. Granted in part. Limited to communications regarding customers on B&D's customer list from April 21, 2015 to May 6, 2017.

8. Granted in part. Limited to communications regarding customers on B&D's customer list from April 21, 2015 to May 6, 2017.

9. Granted in part. Limited to communications regarding customers on B&D's customer list from April 21, 2015 to May 6, 2017.

10. Granted in part. Limited to communications between April 21, 2015 and May 6, 2017 regarding products sold to customers contained on B&D's Customer List.

11. Granted in part. Limited to communications between April 21, 2015 and May 6, 2017 regarding products sold to customers contained on B&D's Customer List.

13. Granted in part. Limited to communications between April 21, 2015 and May 6, 2017 regarding products sold to customers contained on B&D's Customer List.

15. Granted in part. Limited to customers contained on B&D's Customer List.

16. Granted in part. Limited to UBI's import of any products sold to customers on B&D's Customer List.

17. Granted in part. Limited to sales to customers on B&D's Customer List.

19. Deny.

21. Granted in part. Limited to customers on B&D's Customer List.

22. Granted in part. Limited to customers on B&D's Customer List.

23. Denied.

24. Denied.

25. Denied.

26. Granted.

27. Granted in part. Limited to distribution of products sold to customers on B&D's Customer List.

28. Granted in part. Limited to products sold to customers on B&D's Customer List.

29. Granted in part. Limited to meetings with customers on B&D's Customer List.

30. Granted in part. Limited to products sold to customers contained on B&D's Customer List.

31. Granted in part. Limited to products sold to customers contained on B&D's Customer List.

33. Denied.

34. Denied.

35. Denied.

36. Granted in part. Limited to customers contained on B&D's Customer List.

37. Granted in part. Limited to customers contained on B&D's Customer List.

38. Granted in part. Limited to customers contained on B&D's Customer List.

39. Granted in part. Limited to customers contained on B&D's Customer List.

40. Granted in part. Limited to customers contained on B&D's Customer List.

46. Denied.

49. Granted in part. Limited as proposed by Defendant on page 156, but including Viva 5 and all products sold to customers on B&D's Customer List.

50. Granted in part. Limited as proposed by Defendant on page 156, but including Viva 5 and all products sold to customers on B&D's Customer List.

51. Granted in part. Limited as proposed by Defendant on page 156, but including Viva 5 and all products sold to customers on B&D's Customer List.

52. Granted in part. Limited as proposed by Defendant on page 159, but including all products sold to customers on B&D's Customer List.

54. Granted in part. Limited to products sold to customers on B&D's Customer List.

55. Granted in part. Limited as proposed by Defendant on page 161, but including all products sold to customers on B&D's Customer List.

56. Granted.

58. Denied.

**[3-E]  Unique India's Objections to B&D's Request for Production**

4. Granted with the limitation proposed by Plaintiff on page 164 of the Joint Status Report.

5. Granted with the limitation proposed by Plaintiff on page 164 of the Joint Status Report.

6. Granted with the limitation proposed by Plaintiff on page 164 of the Joint Status Report.

7. Granted in part. Limited to products sold to customers on B&D's Customer List.

9. Granted in part. Limited to products sold to customers on B&D's Customer List.

10. Granted in part as limited by Defendant's proposal on page 170 of the Joint Status Report relating to all customers on B&D's Customer List.

13. Granted in part. Limited to products sold to customers on B&D's Customer List.

14. Granted in part. Limited to products that were sold to customers on B&D's Customer List.

15. Granted in part. Limited to sales reports for products sold to customers on B&D's Customer List.

16. Denied.

19. Granted as to meetings with customers on B&D's Customer List.

20. Denied.

23. Denied.

24. Granted.

25. Denied.

27. Granted in part. Limited to products sold to customers on B&D's Customer List.

29. Granted in part. Limited to customers on B&D's Customer List.

30. Granted in part. Limited to meetings with customers on B&D's Customer List.

32. Denied.

33. Granted in part as to products sold to customers on B&D's Customer List.

35. Granted in part. Limited to communications that pertain to customers on B&D's Customer List.

36. Granted in part. Limited to communications that pertain to customers on B&D's Customer List.

37. Granted in part. Limited to communications that pertain to customers on B&D's Customer List.

39. Granted in part. Limited to communications that pertain to customers on B&D's Customer List.

40. Granted in part. Limited as proposed by Defendant on page 189.

42. Granted in part. Limited as proposed by Defendant on page 189, modified to search for "ESCOBAR."

43. Granted in part. Limited as proposed by Defendant on page 189, modified to search for "BABU."

44. Granted in part. Limited as proposed by Defendant on page 189, modified to search for "UBI."

45. Resolved by parties.

46. Resolved by parties.

47. Denied.

51. Granted in part. Limited as proposed by Defendant on page 193 for all customers on B&D's Customer List.

52. Denied.

53. Resolved by parties.

54. Granted in part. Defendant shall include responsive documents for which a privilege is claimed on its privilege log.

58. Granted in part. Limited to customers on B&D's Customer List.

59. Granted in part. Limited to customers on B&D's Customer List.

61. Denied.

62. Granted in part. Limited to customers on B&D's Customer List.

63. Granted in part. Limited as proposed by Defendant on page 200, but including all customers on B&D's Customer List and Viva 5.

65. Granted in part. Limited using the search protocol described by Defendant on page 202.

66. Granted in part. Limited to sales of products sold to customers on B&D's Customer List.

68. Granted in part. Limited to using the search protocol proposed by Defendant on page 204.

70. Granted.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

78. Granted in part. Limited to any agreements previously produced without objection or ordered to be produced elsewhere in this Order.

Defendants shall produce all documents in accordance with this Order no later than 5 p.m., June 30, 2017. The parties may, by consent and with consideration of the approaching discovery deadline set by the District Court, file a Joint Motion to Extend this deadline.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of June 2017.

_____
BARRY S. SELTZER
United States Magistrate Judge

copies furnished counsel via CM/ECF