UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62364-CIV-COHN/SELTZER

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation,

    Plaintiff,

vs.

UNIQUE BIO INGREDIENTS, LLC, d/b/a
UNIQUE BIOTECH USA, a Florida limited liability
company, JAIRO ESCOBAR, an individual,
LUIS ECHEVERRIA, an individual,
RATNA SUDHA MADEMPUDI, an individual,
and UNIQUE BIOTECH LIMITED, an
Indian corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court pursuant to [DE 221] Non-Parties Brian Baer and Viva 5 Corporation's Emergency Motion to Quash Non-Party Subpoenas and for Protective Order and [DE 226] Defendant's Motion to Quash or Motion for a Protective Order. Both motions relate to a subpoena duces tecum served upon Viva 5 Corporation ("Viva 5")[1] by Plaintiff B&D Nutritional Ingredients, Inc. ("B&D"). The subpoena compels the appearance of a corporate representative/records custodian of Viva 5 Corporation and the production of purchase orders and invoices for Unique IS2 or any other probiotics purchased or sold by Viva 5. The purchases orders and invoices requested relate to eight different entities: Defendant Unique Biotech Ingredients, LLC d/b/a Unique Biotech USA,

---

[1] The non-parties' motion originally sought to reschedule the depositions of both Brian Baer and Viva 5's corporate representative; the parties have reached an agreement on the date and time of the depositions and, therefore, the motion currently only involves Viva 5.

Plaintiff B&D, Defendant Unique Biotech India, and non-parties Pharmacenter, Pharmavite, ReNew Life, and NBTY.

Viva 5 moves to quash the subpoena duces tecum on several grounds: (1) the information sought is confidential and proprietary and should not be disclosed to competitors; (2) complying with the subpoena duces tecum would place a significant burden on Viva 5 in terms of cost and time for compliance; (3) Plaintiff can obtain certain of the documents from its own records and from the Defendants and, therefore, should not burden a non-party with the requests; and (4) certain of the entities are not parties to the litigation or mutual customers of the parties and, therefore, the documents requested are not relevant to the claims or defenses in this litigation.

Defendants have also raised several arguments in moving to quash the subpoena duces tecum: (1) the subpoena was not served upon Defendants in advance as required by Fed. R. Civ. P. 45(a)(4); and (2) the subpoena requests documents pertaining to entities that are not mutual customers of the parties and, therefore, are not relevant to the claims or defenses in this litigation.

The Court previously postponed the depositions in question [DE 222], thereby rendering moot the arguments about prior service of the subpoena and lack of adequate time to respond. As far as the financial impact on Viva 5, Plaintiff has agreed to cover reasonable fees and costs incurred by Viva 5 in complying with the subpoena and has asked for an estimate of the same. The only remaining issues therefore, are the confidential nature of the documents and the relevancy of the information requested.

All of the entities in this litigation, including Viva 5, are competitors and current or former customers of each other.  The Court, therefore, has consistently recognized the

confidential nature the parties' business records, including customer lists. Confidentiality is also properly a concern of a non-party such as Viva 5.  There is, however, a Confidentiality Order in this case [DE 170] that protects confidential information.  Plaintiff has agreed that the Confidentiality Order would apply to all documents produced by Viva 5.  The Court agrees that the Confidentiality Order would provide appropriate protection to whatever documents Viva 5 is ordered to produce.

As for the issue of relevancy, the Court agrees with Viva 5 and the Defendants that documents pertaining to entities not on the parties' joint customer list are not relevant to the claims or defenses in this litigation.  The claims in this case are that Defendants have misappropriated Plaintiff's customer list and are selling products to Plaintiff's customers.  The customer list has been produced and Viva 5 is the only customer that Plaintiff and Defendants hold in common.  Plaintiff argues that Pharmacenter, Pharmavite, ReNew Life, NBTY, as well as Viva 5 itself, were its customers and that "Defendants are selling directly or indirectly through Viva 5."  This argument goes far beyond the allegations in the Complaint [DE 1], and the documents pertaining to the non-customers are therefore not relevant.  Plaintiff may seek production from Viva 5 of documents pertaining sales from Defendants to Viva 5, but not of sales by Viva 5 to non-parties. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Non-Parties Brian Baer and Viva 5 Corporations' Emergency Motion to Quash Non-Party Subpoenas and for Protective Order [DE 221] and Defendants' Motion to Quash or Motion for Protective Order [DE 226] are **GRANTED IN PART AND DENIED IN PART**.  The subpoena duces tecum served upon Viva 5 is **QUASHED** in all respects except that Viva 5 shall appear for deposition and produce the

documents pertaining to Unique Biotech Ingredients LLC d/b/a Unique Biotech USA, B&D, and Unique Biotech India.  The Confidentiality Order [DE 170] previously entered in this case is extended to include Viva 5 and is incorporated herein by reference.  Plaintiff B&D shall be responsible for reasonable costs and fees incurred by Viva 5 in producing the documents responsive to the subpoena duces tecum.  Viva 5's request for a hearing is **DENIED.**

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of July 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF