**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 02, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-15081-DD
Case Style: B&D Nutritional Ingredients v. Unique Bio Ingredients, LLC, et al
District Court Docket No: 0:16-cv-62364-JIC

Enclosed is the Bill of Costs.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 19-15081

_____

District Court Docket No.
0:16-cv-62364-JIC

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation

                                          Plaintiff - Counter
                                          Defendant - Appellant,
                                          Cross - Appellee,

versus

UNIQUE BIO INGREDIENTS, LLC,
a Florida limited liability company
d.b.a. Unique Biotech USA,
JAIRO ESCOBAR,
an individual,
LUIS ECHEVERRIA,
an individual,

                                          Defendants - Counter
                                          Claimants - Appellees,

RATNA SUDHA MADEMPUDI,
an individual,
UNIQUE BIOTECH LIMITED,
an Indian corporation,

                                          Defendants - Appellees,
                                          Cross - Appellants,

WILLIAM VAN DYKE,

                                          Counter Defendant.

ISSUED AS MANDATE 06/02/2021

_____

Appeals from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 06, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15081
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62364-JIC

B&D NUTRITIONAL INGREDIENTS, INC.,
a California corporation

                Plaintiff - Counter
              Defendant - Appellant,
                 Cross - Appellee,

versus

UNIQUE BIO INGREDIENTS, LLC,
a Florida limited liability company
d.b.a. Unique Biotech USA,
JAIRO ESCOBAR,
an individual,
LUIS ECHEVERRIA,
an individual,

                Defendants - Counter
              Claimants - Appellees,

RATNA SUDHA MADEMPUDI,
an individual,
UNIQUE BIOTECH LIMITED,
an Indian corporation,

Defendants - Appellees,
Cross - Appellants,

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 6, 2021)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Plaintiff B&D Nutritional Ingredients, Inc. ("B&D"), appeals an order awarding $244,151.25 in attorney's fees and $8,711.95 in costs to defendants Ratna Sudha Madempudi and Unique Biotech Limited ("Unique India") in this commercial dispute. B&D maintains that attorney's fees were not available under Florida's offer-of-judgment statute, Fla. Stat. § 768.79, because it sought both monetary and equitable relief, and that the district court otherwise abused its discretion in calculating the fee award. In their cross-appeal, Sudha and Unique India contend that the district court erred in applying certain reductions to their requested fee award. After careful review, we conclude that § 768.79 does not apply in this case, so we reverse the order awarding attorney's fees and costs.

I.

In October 2016, B&D filed a lawsuit alleging that Luis Echeverria and Jairo Escobar stole its confidential customer lists and then conspired with Sudha, a

microbiologist, to solicit B&D's customers through a rival company, Unique Bio Ingredients, LLC ("Unique USA"), thereby interfering with B&D's contracts to distribute probiotics manufactured by Unique India. B&D's complaint raised five claims: (1) Echeverria and Escobar violated the Florida Uniform Trade Secrets Act ("FUTSA"); (2) Sudha and Unique India conspired with Echeverria and Escobar to violate FUTSA; (3) Echeverria, Escobar, Sudha, and Unique USA violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); (4) all defendants tortiously interfered with business relations; and (5) Sudha and Unique India violated the Florida Fictitious Name Act. B&D requested both monetary relief and, with regard to its FUTSA claims, injunctive relief prohibiting the defendants "from contacting and/or engaging in business with any of [B&D's] customers."

The case proceeded to summary judgment. Along the way, the court dismissed the Fictitious Name Act claim for lack of subject-matter jurisdiction and some of the defendants' counterclaims for failure to state a claim. That left B&D's claims for violations of FUTSA and FDUTPA and for tortious interference, and Echeverria's counterclaim for defamation.

On November 13, 2017, the district court entered an order resolving the parties' cross-motions for summary judgment. The court denied summary judgment on B&D's FUTSA claims, finding sufficient evidence that Echeverria and Escobar had misappropriated B&D's confidential customer lists. But the court granted

summary judgment on the FDUTPA and tortious-interference claims because, in the court's view, "the record evidence demonstrates that B&D has not in fact lost any of its customers" and that the defendants had not interfered with any existing relationship. Finally, the court denied summary judgment on Echeverria's defamation counterclaim, finding that he could proceed to trial "seeking a nominal damages award."

Before trial, B&D filed a motion to "abandon and dismiss" its FUTSA claims "[t]o avoid cost and expense to the Court and parties." It requested that the court enter partial final judgment under Rule 54(b), Fed. R. Civ. P., to permit it to immediately appeal its other claims. The court dismissed the FUTSA claims with prejudice but denied immediate appeal. Soon after, a jury awarded Echeverria $5,000 in damages on his claim. The court then entered final judgment, and B&D appealed the grant of summary judgment on its FDUTPA and tortious-interference claims and the jury's damages award. We affirmed. *See B&D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 758 F. App'x 785 (11th Cir. 2018).

## II.

When the case returned to the district court, the defendants filed a motion claiming they were entitled to attorney's fees under Florida's offer-of-judgment

statute, Fla. Stat. § 768.79.[1]  They submitted evidence showing that they each made an offer of judgment to B&D on May 11, 2017, offering to settle "all claims" against them for $1,500 each, but B&D did not accept the offers.  B&D responded that no fee award was warranted for several reasons, including that the offers of judgment were invalid because they covered claims for both monetary damages and equitable relief.

Meanwhile, the attorney who represented all five defendants in this case filed a motion to withdraw as counsel for Echeverria, Escobar, and Unique USA, citing irreconcilable differences.  The district court granted the motion and ordered these three defendants to obtain new counsel.  They failed to do so within the time limits set by the court, so the court eventually denied their request for attorney's fees.

As for Sudha and Unique India, the district court determined that they were entitled to attorney's fees under the offer-of-judgment statute.  In relevant part, the district court rejected B&D's argument that the statute did not apply because it "sought injunctive relief as well as damages."  The court explained that courts must "scrutinize the complaint to discern the true relief sought."  And it reasoned that the true relief B&D sought was monetary, not equitable, because it "only prayed for injunctive relief in connection with its FUTSA claims, which it could have pursued

---

[1] The defendants also sought attorney's fees under the FDUTPA, but the district court declined to award fees under that statute, and Sudha and Unique India do not challenge that ruling in their cross-appeal.

at trial, but instead it opted to dismiss its FUTSA claims to pursue its FDUTPA claims on appeal." So, the court stated, the offer of judgment statute applied to this case.

Unique India and Sudha then filed a motion to establish the amount of the fee award, requesting a total of $391,438.25 in attorney's fees. B&D responded that the district court should deny the request in full or at least permit it to conduct discovery and then hold an evidentiary hearing. Without holding an evidentiary hearing or permitting additional discovery, the district court awarded Sudha and Unique India $244,151.25 in attorney's fees and $8,711.95 in costs after applying an across-the-board reduction in the number of requested hours and reducing the per-hour rate for one attorney. B&D appealed, and Sudha and Unique India cross-appealed.

## II.

B&D appeals both the decision to award fees under Florida's offer-of-judgment statute, Fla. Stat. § 768.79, and the amount of those fees. In their cross-appeal, Sudha and Unique India challenge the calculation of their fee award. We hold that § 768.79 does not permit the award of attorney's fees and costs in this case, so we do not reach the parties' arguments regarding the amount of the award.

We review *de novo* issues of statutory construction. *See Rodriguez v. J.D. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995).

Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, "a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant." *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1286 (Fla. 4th Dist. Ct. App. 2016); *see* Fla. Stat. § 768.79; Fla. R. Civ. P. 1.442. We have previously held that this statute is substantive and therefore is applied in diversity cases based on state-law claims. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011).

Because the statute is limited to "civil actions for *damages*,"[2] however, it does not apply to "nonmonetary claims." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 374–75 (Fla. 2013) (emphasis added). Nor does it apply "to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims." *Id.* And there is no exception for equitable claims that "lack[] serious merit." *Id.*

---

[2] Section § 768.79 states, in relevant part,

*In any civil action for damages* filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79(1) (emphasis added).

Nevertheless, the presence of a request for nonmonetary relief is not always dispositive. In *Diamond Aircraft*, the Florida Supreme Court cited with approval two cases that applied § 768.79 to civil actions where, despite being brought as declaratory-judgment actions, the court found that they were properly characterized as actions seeking only damages because success on the equitable claims would simply result in an award of damages. *Id.* at 373; *see DiPompeo Constr. Corp. v. Kimmel & Assocs.*, 916 So. 2d 17, 17–18 (Fla. 4th Dist. Ct. App. 2005); *Nelson v. Marine Grp. of Palm Beach, Inc.*, 677 So. 2d 998, 999 (Fla. 4th Dist. Ct. App. 1996). Since *Diamond Aircraft*, Florida appellate courts have continued to resolve disputes over the application of § 768.79 by discerning whether the "true relief" sought in the action is money damages. *See, e.g.*, *Tower Hill Signature Ins. Co. v. Javellana*, 238 So. 3d 372, 377 (Fla. 3d Dist. Ct. App. 2017) ("[W]e conclude that this case is an 'action for damages,' within the meaning of section 768.79(1), because it is plain that the true relief sought by the Javellanas was money damages for a breach of contract, rather than equitable relief.").

In this case, the district court acknowledged that B&D's complaint sought both monetary damages and injunctive relief. But it reasoned that the "true relief" B&D sought was solely monetary because B&D abandoned its equitable claims before trial. In support of that ruling, Sudha and Unique India compare this case to *MYD Marine*. In *MYD Marine*, the Florida Fourth District Court of Appeal held that

8

§ 768.79 applied notwithstanding the plaintiff's request for a permanent injunction, noting that the "plaintiff did not actually pursue any nonmonetary relief during the course of the litigation and instead only sought money damages." *See* 187 So. 3d at 1286–87.

Our resolution of this case is guided by the Fourth District's decision in *Southern Specialties, Inc. v. Farmhouse Tomatoes, Inc.*, 259 So. 3d 869 (Fla. 4th Dist. Ct. App. 2018). There, after the collapse of a joint venture, a specialty fruit and vegetable distributor sued a tomato grower alleging claims of unjust enrichment and tortious interference. *Id.* at 870. In addition to seeking money damages, the distributor also sought a permanent injunction to enjoin the grower "from using [the distributor's] customer lists and confidential information." *Id.* The case proceeded to a non-jury trial, where the distributor "withdrew its injunction claim," and the court ruled against the distributor. *Id.* Then, the court awarded attorney's fees to the grower based on a denied offer of judgment. *Id.*

On appeal, the Fourth District reversed the award of attorney's fees. *Id.* at 871. Looking to the distributor's complaint, the court found that it contained both "monetary and equitable claims, including its claim for injunctive relief" to prevent the grower from using the distributor's customer lists and confidential information. *Id.* And because the offer of judgment was "directed at all claims made by [the distributor], it was invalid" under *Diamond Aircraft*. *Id.* Moreover, the court did

9

not attach any particular significance to the distributor's withdrawal of its injunction claim at trial. *See id.* at 870–71. And it distinguished its prior decision in *MYD Marine* on the ground that the defendant in that case had "made an offer of judgment to settle only the claims for money damages." *Id.* at 872.

Here, as in *Southern Specialties*, B&D's complaint contained both monetary and equitable claims. In fact, B&D sought the same type of injunctive relief—an injunction preventing the defendants from using its customer lists and confidential information—that *Southern Specialties* treated as a distinct nonmonetary claim. *See id.* at 871–72. Such relief is independent of the issue of whether B&D was entitled to any money damages. And because the defendants' offers of judgment were directed at "all claims," including equitable ones, they were invalid under *Diamond Aircraft*. *See id.*

While B&D chose not to go to trial on the claims for which it sought injunctive relief, we cannot say that this decision means that the "true relief" it sought was solely monetary. In similar circumstances, the Fourth District in *Southern Specialties* concluded that § 768.79 did not apply even though the plaintiff withdrew its injunctive claims at trial. And it distinguished its earlier decision in *MYD Marine*, which appeared to have relied on the plaintiff's abandonment of its equitable claim, on the ground that the defendant in that case had "made an offer of judgment to settle only the claims for money damages." 259 So. 3d at 872. As we noted above, the

10

defendants here offered to settle all claims, so *MYD Marine* is likewise distinguishable for the same reason.

Our decision is also supported by the Florida Third District Court of Appeal's decision in *Starboard Cruise Services, Inc. v. DePrince*, 259 So. 3d 295 (Fla. 3d Dist. Ct. App. 2018). There, the plaintiff voluntarily dismissed his equitable claim for specific performance "[s]hortly before trial," prompting the defendant to argue that "the 'true relief' being requested was for monetary damages." *See id.* at 297, 302. In rejecting that argument, the Third District distinguished *MYD Marine* on the ground that the offer of judgment in that case was "directed solely to the plaintiffs' claim for money damages." *Id.* at 301. Additionally, the court found that the record did not reflect that the action was solely for monetary damages. *Id.* at 302. In that regard, the court noted that the plaintiff had "actively litigated his claim for specific performance" and "did not abandon his specific performance claim until just before trial, which was well after the proposal for settlement had been rejected." *Id.*

Likewise, here, B&D actively litigated its FUTSA claims, for which it sought both monetary damages and injunctive relief, through summary judgment, claiming that the defendants had misappropriated confidential customer lists and were using those lists to solicit B&D's customers. Additionally, as in *Starboard Cruise*, B&D "did not abandon [its equitable claims] until just before trial, which was well after

11

the proposal[s] for settlement had been rejected." *Id.* Accordingly, we cannot say that the record reflects that the action was solely for monetary damages. *See id.*

In sum, and for the reasons we have explained, Sudha and Unique India cannot recover attorney's fees under § 768.79 because B&D sought both damages and equitable relief, and the defendants served general offers of judgment that sought the release of all claims. *See Diamond Aircraft*, 107 So. 3d at 374–75.

We therefore reverse the district court's order awarding Sudha and Unique India attorney's fees and costs under Fla. Stat. § 768.79.

**REVERSED AND REMANDED.**

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Bill of Costs

**AMENDED** (4 of 4)

Court of Appeals Docket No. **19-15081**

**B&D Nutritional Ingredients, Inc.** vs. **Unique Bio Ingredients, LLC, et. al.**

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

The appellate docketing fee is set in the fee schedule issued pursuant to 28 U.S.C. § 1913. However, the $5 fee for filing a notice of appeal is recoverable as a cost in the district court. In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellate Docketing Fee | — | — | — | — | — | 500.00 | $500.00 |
| Appellant's Brief | | X | 59 | 7 | 413 | 103.25 | $103.25 |
| Appendix | | X | 1244 | 2 | 2488 | 622.00 | $622.00 |
| Appellee's Brief | | | | | | | |
| Reply Brief | | X | 48 | 7 | 336 | 84.00 | $24.00 |
| Supplemental Appendix | | X | 46 | 2 | 92 | 23.00 | $11.50 |
| TOTAL FROM ATTACHED PAGE | | | | | | 1,499.00 | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. PLEASE SEE ADDITIONAL LIST OF COSTS ATTACHED | | | | | TOTAL | $2,831.25 REQUESTED | $ $1,260.75 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _(signed)_
Date Signed: **04/20/2021**
Attorney Name: **Nolan Klein** (Type or print your name)
Attorney for: **B&D Nutritional Ingredients, Inc.** (Type or print name of client)
E-mail: **klein@nklegal.com**
Phone: **954-745-0588**
Street Address/City/State/Zip: **5550 Glades Rd., Ste. 500, Boca Raton, FL 33431**

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ **$1,260.75** against **Appellees**
and are payable directly to **Appellants**

David J. Smith, Clerk of Court

Issued on: _____ By: **/S/ Tresa A. Porter** Deputy Clerk DATE: **5/21/2021**

BOC Rev.: 6/17

ISSUED AS MANDATE 06/02/2021